IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,466-01






EX PARTE ROBERTO ARREDONDO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 08-1590-K368 IN THE 368TH DISTRICT COURT


FROM WILLIAMSON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
aggravated sexual assault of a child and sentenced to sixty years' imprisonment in each count. The
Third Court of Appeals affirmed his conviction. Arredondo v. State, No. 03-09-00489-CR (Tex.
App.--Austin Oct. 19, 2010) (unpublished).

 Applicant contends, among other things, that his trial counsel rendered ineffective assistance
because he prevented applicant from testifying and did not investigate and call available witnesses
to testify on applicant's behalf at punishment. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Rock v. Arkansas, 483 U.S. 44, 50-53 (1987). In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order
trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may
use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial
court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: January 9, 2013

Do not publish